**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA ,

Plaintiff-Appellee,

v.

ROGER KELLEY, also known as Tito,

Defendant-Appellant.

No. 99-3241
(D.C. No. 96-40055-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA, McKAY,** and **PORFILIO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Roger Kelley pled guilty to a superseding information charging him with one count of possession with intent to distribute approximately thirty grams of methamphetamine. See 21 U.S.C. § 841(a)(1). Prior to sentencing, he moved for a downward departure from the applicable Guideline range on the basis of extraordinary family circumstances. The government conceded that the sentencing court could, in principle, grant such a departure, but argued that this was not an appropriate case for a favorable exercise of the court's discretion in this regard. The court agreed, denied the motion, and sentenced defendant to thirty-six months' imprisonment followed by three years' supervised release. Defendant now appeals the denial of his motion for downward departure.

The government urges us to dismiss the appeal, citing the general rule that a discretionary refusal to depart from the applicable Guideline range is not subject to appellate review. See United States v. Fortier, 180 F.3d 1217, 1231 (10th Cir. 1999); see, e.g., United States v. Williamson, 53 F.3d 1500, 1529-30 (10th Cir. 1995) (rejecting appeal from refusal to depart on family-circumstance grounds). Only if the sentencing court erroneously concluded that it had no legal authority to depart--*and unambiguously expressed that misunderstanding*--may we review its decision. Fortier, 180 F.3d at 1230 (noting "we treat ambiguous statements made by district court judges as though the judge was aware of his or her legal authority to depart but chose instead, in an exercise of discretion, not to depart").

-2-

The following comments from sentencing provide no basis here for invoking the limited exception to the general rule barring appellate review:

> [T]he ordinary rule is that family ties and responsibilities and community ties are not ordinarily relevant in determining whether a sentence should be outside the applicable guidelines. And a district court may depart only if the factor is present to an exceptional degree or in some other way to make the case different from the ordinary case where the factor is present. . . . [F]or the purpose of this case, I would indicate that I believe that a downward departure might be possible, but I do not feel that it's appropriate in this case.
>
> * * * *
>
> [Defendant] has received a very significant break due to the plea agreement reached in this case. Ordinarily we'd be looking at a sentence of 150 months. . . . I'm not going to depart downward in this case. Although, as I say, I think it might be possible, but it's not appropriate.

Appellant's App. at 119-20. These remarks reflect a proper understanding of the court's discretionary authority in this context, see United States v. Archuleta, 128 F.3d 1446, 1449 (10th Cir. 1997), and "evince a conscious decision by the sentencing court to deny the request for a downward departure because the particular facts of [defendant's] situation did not warrant it." Williamson, 53 F.3d at 1530. We have no jurisdiction to review that decision. See id.

The appeal is DISMISSED.

Entered for the Court


John C. Pofilio
Senior Circuit Judge